UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

REY F. ROBLES, )
)
    Plaintiff, )
)
v. )   Case No.: 2:19cv111
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## ORDER

Before the Court is Defendant United States of America's ("Defendant") Motion in Limine to Exclude the Expert Testimony of Reginald E. McKamie Sr. ECF No. 21. Plaintiff Rey F. Robles ("Plaintiff") filed an opposition, ECF No. 26, Defendant filed a reply, ECF No. 27, and the motion is ripe for consideration. For the reasons stated below, Defendant's Motion in Limine, ECF No. 26, is **GRANTED**.

## I. BACKGROUND

Plaintiff filed the instant Complaint alleging injury to his back that occurred while he was moving trash onboard USNS MARY SEARS. Though the facts in the case are somewhat disputed, Plaintiff alleges that the ships Bosun ordered him to "recompact" trash in order to make room in the bins where the trash is located. This job involved retrieving already-compacted trash bags from the bins, transporting the bags one deck below to be recompacted, and then transporting the recompacted trash back up one deck again. During this process, Plaintiff alleges his disc ruptured, and his injury was caused by the Bosun's negligently requiring him to lift the trash bags without assistance.

1

Plaintiff retained Captain Reginald E. McKamie, Sr. ("Captain McKamie), as an expert, who according to Plaintiff, is "an expert in the field of vessel operations, seamanship, ship handling, marine safety, and training." ECF No. 26 at 10. Captain McKamie submitted an expert report (ECF No. 22, attach. 6) and a supplemental report (ECF No. 22, attach. 7) in the instant case. Captain McKamie states he was retained to "opine upon whether the task assigned to Plaintiff fell below the industry standard for this type of operation on a merchant vessel."

Defendant challenges the expert testimony of Captain McKamie on a number of grounds, including that (1) Captain McKamie's report does not help the trier of fact to understand the evidence or determine facts in issue, (2) Captain McKamie's opinions do not rest on a reliable foundation, and (3) he is not qualified to testify as to causation, biomechanics, or ergonomics. *See* ECF No. 22. To the extent not otherwise excluded, Defendant also seeks to exclude Captain McKamie's testimony regarding the revised NIOSH lifting equation, and the nonperformance of a job hazard analysis. Plaintiff opposes the motion in limine and argues that Captain McKamie is qualified to testify as an expert on maritime issues, that his opinion is reliable, and it will be helpful to the trier of fact.

## II. STANDARD OF REVIEW

Federal Rule of Evidence 702 allows a witness qualified "by knowledge, skill, experience, training, or education" to testify in the form "of an opinion or otherwise if…

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 ("Rule 702"). Expert testimony may be admitted pursuant to Rule 702 if the testimony "rests on a reliable foundation and it is relevant." *Westberry v. Gislaved Gummi AB*, 178

F.3d 257, 260-61 (4th Cir. 1999) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999)). Whether an expert opinion is admissible is a "flexible" determination that focuses on "the principles and methodology employed by the expert, not on the conclusions reached." *Id.* (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594-95 (1993)). When examining reliability, "the court has broad latitude to consider whatever factors bearing on validity that the court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved. *Id.* at 261.

When the expert's proffered testimony does not rely on scientific nature, characterized by whether it "objectively is verifiable[,]" but rather relies on the witness' experience, the witness must explain "how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts." *Peters-Martin v. Navistar Int'l Transp. Corp.*, 410 F. App'x 612, 618 (4th Cir. 2011).

### III. ANALYSIS

#### A. The Expert Report Fails to Define the Industry Standard of Care[1]

Captain McKamie states in his expert report that he was assigned to "opine on whether the order for the retrieval of compacted trash from a trash bin and the subsequent transfer of that compacted trash from the 02 deck behind the stack to another lower deck and return to the 02 Deck by Ordinary Seaman [Plaintiff] fell below the industry standards for such an operation on merchant vessels." ECF No. 22, attach. 6 at 2-3. Of import to this motion, at no point does Captain

---

[1] Preliminary, the Court notes that Defendant challenges Captain McKamie's utilization as an expert witness at all on the grounds that the subject of his opinions—that Defendant was negligent in how it supervised Plaintiff's handling of trash on board a merchant sea vessel—is not the proper subject of expert testimony in the first instance since it involves a subject within the ordinary experience and understanding of a layperson. ECF No. 22 at 6. The Court does not reach this question in light of the other deficiencies of Captain McKamie's report.

3

McKamie's expert report and supplement report set out the pertinent industry standard of care that forms the basis of his opinion.

Captain McKamie opines that Plaintiff was injured because he was ordered to do work in an unsafe manner by the Bosun, and that the Bosun "wholly failed to supervise" Plaintiff's job. Captain McKamie opines that the Bosun failed to properly supervise the job by failing to give Plaintiff the proper manpower to do the job, and by failing to survey the job in order to determine whether Plaintiff had the proper equipment to do the job. ECF No. 22, attach. 6 at 3-4. Captain McKamie states that the Defendant's actions, through the Bosun in charge of Plaintiff, violated maritime industry standards of care. In support of his opinions, Captain McKamie relies on several publications. Specifically, Captain McKamie cites the following authorities in support of his propositions:

- Code of Safe Working Practices for Merchant Seaman, Maritime and Coastguard Agency, Annex 19.1, for the proposition that Plaintiff was injured because he was ordered to do work in an unsafe manner, ECF No. 22, attach. 6 at 3, and for the proposition that "[d]iscouragement, threats and retaliatory actions against seamen who contribute ideas to improve shipboard safety falls below accepted standards of maritime management and supervision. *Id.* at 4.

- Accident Prevention on Board Ship and Sea and in Port, International Labour Office Geneva, for the proposition that the failure to properly supervise "violated maritime industry standards. *Id.* at 4.

- The Maersk Line Limited Safety Handbook Section 5 for the propositions that "there is no evidence that a Job Hazard Analysis had been conducted" (MLLSH 5.3); the Bosun "never weighed any of the bags and could not have known how much they weighed" (MLLSH 5.7); that Plaintiff "could not possibly lift with his legs when removing the bags from the bin" (MLLSH 5.7); that the bosun did not help Plaintiff after Plaintiff told him the bags were heavy (MLLSH 5.7); that the "safe practices" could not be followed" "because the bags were lifted out of a bin that was 4-5 feet deep" (MLLSH 5.8); that the bosun did not look to see if a mechanical hoist "might be used to make the lift safer[.]" (MLLSH 5.8). *Id.* at 4.

- The Maersk Line Limited Safety Handbook Section 1 for the propositions that the Bosun's "retaliatory treatment" upon Plaintiff's complaints of pain, "failed to conform to the standards required of a competent supervisor." *Id.*

Citing to these authorities, Captain McKamie repeatedly asserts that Defendant has violated the industry standard of care. To satisfy the requirements of Rule 702, the expert report must be the product of reliable principles and methods, and those principles and methods must be reasonably applied to the case. Fed. R. Evid. 702 ("Rule 702"). Without a benchmark for the appropriate industry standard of care, Captain McKamie's opinions cannot be said to be the product of reliable principles and methods as required by Rule 702. *See, e.g., Mendler v. Aztec Motel Corp.*, No. 09-2136 (JBS/JS), 2011 U.S. Dist. LEXIS 140928, at *10 (D.N.J. Dec. 7, 2011) ("When expert testimony is offered to prove the existence of an industry standard, an expert must offer 'evidence of actual customary practices or safety procedures to establish an industry standard.'").

At no point does Captain McKamie opine that *any* of these authorities establish the industry standard of care relevant to this case, or what the relevant industry standards are. With respect to the Maersk Line Limited Safety Handbook, Captain McKamie does not opine, nor could he reasonably state that this document provides the relevant industry standard of care. *See Benedict v. Hankook Tire Co.*, 295 F. Supp. 3d 632, 650 (E.D. Va. 2018) ("Virginia courts have decided that a company's 'private rules' are inadmissible to prove a standard of care[.]") (citation omitted). With respect to the other cited texts, Captain McKamie does not opine that those documents provide the relevant standard of care, and Defendant makes compelling arguments as to why these texts should not be relied upon to establish the industry standard of care.[2] For example, the Code

---

[2] Captain McKamie also cites to the NIOSH Lifting Equation "as a basis of [his] opinion" in his supplemental report. ECF No. 22, attach. 7 at 2. Similar to the other cited texts, Captain McKamie offers no opinion as to what the NIOSH lifting equation is, whether it establishes the industry standard of care, or how it applies to the instant case.

5

of Safe Working Practices for Merchant Seafarers is intended for ships in the United Kingdom (ECF No. 22 at 10), the Accident Prevention on Board Ship at Sea and in Port is a publication that has not been relied upon in a single case in the United States.

Captain McKamie's mere 'say so' that Defendant's conduct violated "the industry standard" does not constitute a reliable opinion. An expert relying "solely or primarily on experience,[]…must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) (citing Fed. R. Evid. 702 advisory committee's note (2000 amends.)) While counsel for Plaintiff argues how Captain McKamie's experience informs his opinion, *see,* ECF. No. 26 at 19, he fails to do so in his report. Under Rule 702 "[t]he trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *Id.* Captain McKamie has stated that the Defendant's conduct violates industry standard, but at no point has he connected his experience to the formulation of an industry standard.

Additionally, Captain McKamie never actually discusses what the industry standard specifically *is* with respect to the proper way to supervise seamen who are handling trash. Citations to the various authorities generally such as Code of Safe Working Practices, International Labour Office Geneva publication on Accident Prevention, or Maersk company handbook, without specifically describing the provisions that purportedly establish the industry standard, is wholly insufficient to establish the standard of care.

In sum, Captain McKamie's report and supplemental report fully fail to set forth the industry standard of care based on any of the texts Captain McKamie cites or based on his experience. Because of this failure, it cannot be said that his report is helpful to the trier of fact,

6

based on sufficient facts and data, the product of reliable principles and methods, or that reliable principles and methods were reasonably applied to the case here—all of which are required under Rule 702.

### B. The Expert Report Proffers Improper Opinion Testimony

Captain McKamie also opines as to the proximate cause of Plaintiff's injury and as to whether Defendant was negligent. It is not permissible for him to do either.

With respect to proximate cause, Captain McKamie opines that "it is highly likely that the depth of the bins that [Plaintiff] had to extract compacted trash from contributed to the severity of [his] back injury." ECF No. 22, attach. 6 at 5. Captain McKamie further opines in his supplemental report that "it is more likely than not that the proximate cause of [Plaintiff's] injured back was due to shipboard management's failure" to adhere to minimum safety standards, the failure to properly supervise, and the failure to follow company policies. ECF No. 22, attach. 7 at 2. Such opinions as to the proximate cause of Plaintiff's injuries are not admissible from Captain McKamie, as a non-medical expert, and Plaintiff concedes as much. *See* ECF No. 26 at 17.

With respect to negligence, Plaintiff appears to posit that Captain McKamie's testimony is not conclusory but rather he is testifying that based on his experience, "the Bosun wholly failed to properly supervise the job." ECF No. 26 at 17. However, Captain McKamie's expert report clearly states "[b]ased upon my review of these records and the foregoing analysis, it is my opinion that the Bosun...was negligent." ECF No. 22, attach. 6 at 5. "[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Captain McKamie's report clearly states a legal conclusion that Defendant was negligent, and only offers his say-so that the relevant industry standard of care was breached. Rather than affirmatively opining as to the industry

7

standard of care and the actions or inactions of Defendant pursuant to that standard of care which resulted in a breach, Captain McKamie only offered the legal conclusion that the Bosun was negligent. Such a legal conclusion, especially absent the recognition of any industry standard of care, is inadmissible. *See, e.g., Andrews v. Metro North Commuter R. Co.*, 882 F.2d 705, 709 (2d Cir. 1989) (holding that trial court erred in admitting expert testimony that a "railroad was negligent" where the witness did not state the standard of care used as a basis for his opinion).

### C. Other Opinions in the Expert Report are Unhelpful and Unreliable

The remainder of Captain McKamie's opinions, regarding the job hazard analysis and the alleged retaliation that Plaintiff faced are unhelpful and unreliable. With respect to the Job Hazard Analysis ("JSA"), Captain McKamie's report states "[h]ad a JSA been completed, perhaps there would have been a recognition of the need for someone else to assist [Plaintiff] and/or use a mechanical aid to hoist the compacted bags out of the bins which in all probability would have prevented his back injury." *Id.* at 5. It is speculative for Captain McKamie to opine that "perhaps" something different would have happened if a JSA had been conducted, and in any event, as previously explained, Captain McKamie cannot opine as to the probability of the proximate cause of Plaintiff's back injury. Further, Captain McKamie does not describe what a JHA would have disclosed, what measures that disclosure would have brought about, and how those measures might have avoided any resulting injury, leaving those matters open to speculation. Such testimony is unhelpful, unreliable, and inadmissible.

Captain McKamie's opinions regarding the consequences of the alleged retaliation Plaintiff faced are similarly inadmissible. Captain McKamie opines that "[w]hen [Plaintiff] complained about the work and about back pain, the Bosun responded with retaliatory treatment" and threatened his current and any future employment, in violation of the Maersk Line's "company

values" as set forth in the MLLSH. ECF No. 22, attach. 6 at 4. Again, as explained previously, Captain McKamie does not explain whether, or how, such "company values" establish an industry standard of care. Nor does Captain McKamie explain how such retaliation *after* Plaintiff's alleged injury could have contributed to cause the injury. In a similar vein, Captain McKamie opines that "[d]iscouragement, threats and retaliatory actions against seaman who contribute ideas to improve shipboard safety falls below accepted standards of maritime management and supervision" citing the Code of Safe Working Practice for Merchant Seaman. *Id.* He does not, however, explain what in the cited material establishes the industry standard of care, or how raising complaints about his assigned work and back pain constitutes "contributing ideas to improve shipboard safety." These opinions are unhelpful and unreliable, and are not admissible.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion in Limine, ECF No. 21, is **GRANTED**.

The Clerk is **DIRECTED** to forward a copy of this Order to the Plaintiff and all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 13, 2020