**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**REY F. ROBLES,**

      **Plaintiff,**

v.                                            Case No. 2:19-cv-00111-MSD-RJK

**UNITED STATES OF AMERICA,**

      **Defendant.**

**DEFENDANT UNITED STATES OF AMERICA'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO
AUGUST 13, 2020 ORDER OF MAGISTRATE JUDGE LEONARD**

Defendant United States of America ("United States"), by counsel, hereby submits its Memorandum in Opposition to "Plaintiff's Objections to August 13, 2020 Order of Magistrate Judge Leonard Lawrence [*sic*]."

**I.**        **Preliminary Statement**

When a magistrate judge rules on a nondispositive matter, Rule 72(a) permits a party to "file objections to the order," though the objections may not assign error to "a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

Plaintiff Rey F. Robles' objections to the Magistrate Judge's Order is mostly a copy and paste of prior briefing, without making clear specific objections. Robles does not mention the standard of review, and he does not argue that any of the rulings were "clearly erroneous." The pleading even includes pages of argument addressed to an issue the Magistrate Judge did not reach without contending that the Magistrate Judge *should* have reached the issue – these pages merely copy and paste an argument that is not relevant to any objection. In any event, Robles provides no basis for an argument that the Magistrate Judge's rulings were clearly erroneous.

Robles includes six pages of facts.  Though the general allegations in the case provide useful context, the motion *in limine* does not require the Court to resolve fact disputes.  While the United States disputes many of Robles' factual contentions, which broadly mischaracterize the testimony and other evidence in this case, it does not include its own "facts" section here because the fact debate is not relevant to the question of whether the Magistrate Judge's ruling was "clearly erroneous" or "contrary to law."

## II.     Procedural Posture

On July 9, 2020, the United States filed a Motion *in Limine* to Exclude the Expert Testimony of Reginald E. McKamie, Sr. (ECF No. 21) and an accompanying Memorandum in Support (ECF No. 22).  Plaintiff Rey F. Robles ("Plaintiff" or "Robles") then filed an Opposition to Defendant's Motion *in Limine* Regarding the Expert Testimony of Capt. Reginald E. McKamie, Sr. (ECF No. 26), and the United States filed a Reply in Support of its Motion *in Limine* to Exclude the Expert Testimony of Reginald E. McKamie, Sr. (ECF No. 27).

On August 13, 2020, Magistrate Judge Lawrence R. Leonard (the "Magistrate Judge") issued an Order granting the United States' Motion *in Limine* (ECF No. 33).  In response, Robles filed his "Objections to August 13, 2020 Order of Magistrate Judge Leonard Lawrence and Brief in Support" on August 27, 2020 (ECF No. 37) (hereinafter, "Robles' Objections").

## III.     Argument

Though purporting to be objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure (Robles Obj. at 1), Robles' Objections nowhere provide the relevant legal standard.  Under Rule 72(a), "[a] district judge may modify or set aside any portion of a magistrate judge's decision only if it is 'clearly erroneous or contrary to law.'"  *Trans-Radial Sols., LLC v. Burlington Med., LLC*, 2020 U.S. Dist. LEXIS 130951, at *3 (E.D. Va. July 23, 2020) (quoting

Fed. R. Civ. P. 72(a)). "An order is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This is a deferential standard. *In re Capital One Consumer Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 112177, at *6 (E.D. Va. June 25, 2020) (citing *Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985)). "[A] decision is considered 'contrary to law' 'when it fails to apply or misapplies relevant statues, case law, or rules of procedure.'" *Id.* (quoting *Attard Indus. v. United States Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 80785, at *5 (E.D. Va. Aug. 5, 2010)).

The Magistrate Judge included three bases for his Order: (A) Reginald E. McKamie, Sr.'s ("McKamie") report fails to set forth the industry standard of care and, therefore, does not satisfy the requirements of Rule 702 of the Federal Rules of Evidence; (B) McKamie's opinions as to proximate cause and negligence are improper opinion testimony; and (C) McKamie's opinions regarding job hazard analysis and alleged retaliation are unhelpful and unreliable. (ECF No. 33 at 3-9). Robles' Objections do not specifically identify any of these rulings as "clearly erroneous" or "contrary to law." However, they appear generally to object to Parts A and C of the Order, both of which are addressed below. There is no objection to Part B of the Order, finding McKamie's opinions on causation and negligence inadmissible, so the rulings on those matters are now final. Fed. R. Civ. P. 72(a).

    **A.    The Magistrate Judge correctly ruled that McKamie's report fails to define the industry standard of care and, therefore, does not satisfy Rule 702**

As briefly described above, Part A of the Order found that "Captain McKamie's report and supplemental report fully fail to set forth the industry standard of care based on any of the texts Captain McKamie cites or based on his experience." (ECF No. 33 at 6). As a result, the Magistrate Judge found that "it cannot be said that [McKamie's] report is helpful to the trier of

fact, based on sufficient facts and data, the product of reliable principles and methods, or that reliable principles and methods were reasonably applied to the case here—all of which are required under Rule 702." (*Id.* at 6-7). Part I of Robles' Objections challenges these findings. (Robles Obj. at 13).

Robles' does not argue that the Magistrate Judge's findings are "contrary to law." Instead, Robles claims that McKamie's reports actually did "specifically describe[] the standards of care below which the Defendant's Bosun's conduct fell." (Robles Obj. at 13). In support of this argument, Robles pastes almost a page-and-a-half of quotes (single-spaced) from McKamie's report (almost the entirety of the Opinion section of McKamie's report, less his opinions on proximate cause and negligence) and then claims "[a]ll of [that] clearly explains the standard of care." (Robles Obj. at 14-15). This text includes meaningless platitudes (e.g., Robles was required to do work "in an unsafe manner" or the bosun "wholly failed to properly supervise"), but there is no reference to an industry-wide practice or standard for moving trash bags of paper-products. For example, if all merchant ships use a crane to move bags of domestic type paper trash, the expert could have simply disclosed that opinion (and then explained the basis for it). Indeed, if the Magistrate Judge's ruling was "clearly erroneous," then one would expect Robles to simply state the industry practice now in plain language, rather than hoping that the Court will discern it from a long tedious narrative. As the Magistrate Judge correctly holds, McKamie merely cites pages or sections of certain sources (which, as discussed below, are not relevant to this case in any event) and says they were violated. (ECF No. 33 at 5). McKamie nowhere specifies what the supposed industry standard is, and this leaves the Court unable to assess the basis, reliability, or application of McKamie's opinion as required under Rule 702.

Robles also claims that the sources McKamie cites are "clear evidence of the standard of care in the maritime industry." (Robles Obj. at 15). On this point, Robles makes new arguments that were not raised before the Magistrate Judge. Robles argues that many standards applicable to U.S.-flagged vessels are international standards, that the U.S. appointed one of the fifteen experts that revised the Accident Prevention on Board Ship at Sea and in Port in 1993, and that the sources McKamie cites are "based on the ISM Code which is part of the law of the United States." (Robles Obj. at 7 & 15-16). However, none of this affects the Magistrate Judge's reasoning that "Captain McKamie never actually discusses what the industry standard specifically *is*." (ECF No. 33 at 6) (emphasis in original). Further, not only does McKamie fail to "specifically describ[e] the provisions that purportedly establish the industry standard" (*Id.*), but the sources he cites also do not set forth any standards relevant to the negligence that Robles alleges. (*See id.* at 5-6). As detailed in the United States' Memorandum in Support, these sources address glove selection rules and equipment testing certificates for UK-registered vessels and general manual lifting and carrying recommendations for seafarers by an international organization whose standards have mostly been shunned by the U.S.[1] (ECF No. 22 at 10-12).

Regarding the Maersk Line, Limited Safety Handbook ("MLL Handbook"), which McKamie also cites in his report, Robles challenges as "contrary to law" the Magistrate Judge's observation that the MLL Handbook constitutes "private rules" that could not reasonably be said to provide the relevant industry standard. (Robles Obj. at 16). Robles argues that the Magistrate Judge applied "Virginia law . . . not maritime law" and that the MLL Handbook does not constitute "private rules" because it is a safety management system "mandated by the ISM Code

---

[1] McKamie's supplemental report also cites the Applications Manual for the Revised NIOSH Lifting Equation as a basis of his opinion, but Robles' Objections state that "Plaintiff has withdrawn Capt. McKamie's Supplemental Report." (Robles Obj. at 7).

and U.S. law" and, therefore, is "the company's codification of the industry's standard of care." (Robles Obj. at 16-17). What Robles fails to mention, however, (and likely the reason he cites no cases in support of his argument) is that maritime law agrees with Virginia law on this point. *See, e.g.*, *Harrison v. Seariver Mar., Inc.*, 2003 U.S. App. LEXIS 2472, at *17 (5th Cir. Jan. 28, 2003) ("[The vessel owner's safety manual] does not . . . establish [the vessel owner's] legal duties. To so hold would discourage vessel owners from adopting the most stringent safety procedures (i.e., procedures that go beyond 'ordinary care'), to the detriment of seamen and their safety."); *Gauthreaux v. United States*, 712 F. Supp. 2d 458, 465 (E.D. Va. 2010) (applying the "private rules" analysis in a general maritime case). Also, the MLL Handbook is a 54-page illustrated book with basic safety information for seafarers – it is not Maersk Line, Limited's Safety Management System. And in any event, this part of the Magistrate Judge's Order is dicta – regardless of whether the MLL Handbook *could* provide the standard, the Magistrate Judge held that "McKamie *does not* opine . . . that this document provides the relevant industry standard of care." (ECF No. 33 at 5) (emphasis added). Instead, McKamie solely offers repeated assertions that various sections of the MLL Handbook were violated. (*Id.*).

In addition, Robles argues that McKamie "clearly states his opinions are based on his vast experience at sea and on land in training personnel in safety matters" and that the Magistrate Judge "inappropriately discounts" McKamie's experience. (Robles Obj. at 7 & 16). However, Part A of the Order nowhere mentioned the adequacy of McKamie's experience. Instead, the Magistrate Judge found that McKamie's generic statements that his opinions were "based upon . . . [his] experience, education and training" (ECF No. 22, attach. 6 at 4-5) failed to explain how his experience informed his opinions as required under Rule 702. (ECF No. 33 at 6). *See, e.g.*, *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (quoting Fed. R. Evid. 702 Advisory

Committee's Note (2000)) ("the district court must . . . require an experiential witness to 'explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts.'").

Robles then argues (without providing any authority) that "[a]ny questions about [McKamie's] sources of information go to the weight of his testimony rather than [admissibility]." (Robles Obj. at 18). To the contrary, it is part of "a district court's gatekeeping responsibility to 'ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993)).

Because Part A of the Magistrate Judge's Order is neither "clearly erroneous" nor "contrary to law," this Court should affirm the ruling.

### B. The Magistrate Judge correctly ruled that other opinions in McKamie's report are unhelpful and unreliable and, therefore, inadmissible

As noted above, Part C of the Magistrate Judge's Order found that "[t]he remainder of Captain McKamie's opinions, regarding the job hazard analysis and the alleged retaliation that Plaintiff faced are unhelpful and unreliable." (ECF No. 33 at 8-9). Regarding job hazard analyses ("JSAs"), the Magistrate Judge determined that McKamie's opinions were inadmissibly speculative. (*Id.* at 8). As for the alleged retaliation, he found that McKamie failed to establish the industry standard and failed to explain how "retaliation *after* Plaintiff's alleged injury could have contributed to the cause of the injury." (*Id.* at 9) (emphasis in original).

Here again, Robles does not argue that these rulings are "clearly erroneous" or "contrary to law." Rather, he simply pastes into his brief several pages of argument from Robles' brief in opposition to the United States' motion *in limine* – even pasting in a paragraph on McKamie's supplemental report, which Robles' Objections had advised "has [been] withdrawn," and his

opposition to the United States' argument that the subject of McKamie's proffered testimony was within the ken of lay persons, which the Magistrate Judge never reached. (Robles Obj. at 18-23; ECF No. 26 at 2 & 18-22). These pasted arguments do not assert that McKamie's opinions on JSAs were not speculative, that any alleged retaliation caused Robles' alleged injury, or that any other aspect of the Magistrate Judge's Order was "clearly erroneous" or "contrary to law."

The only mention of the Order in Part II of Robles' Objections asserts that the Magistrate Judge "ignores the fact [that McKamie] conducted a detailed evaluation of the facts and applies an analysis based upon [his experience and maritime industry standards]." (Robles Obj. at 19). This follows a pasted argument from Robles' prior brief that "[t]he Federal Rules of Evidence require only that the materials upon which the expert bases his or her opinions be 'of a type reasonably relied upon by experts in a particular field in forming opinions" and, because they are based on the facts of the case, McKamie's opinions are reliable and can only be tested by cross-examination. (Robles Obj. at 18-19; ECF No. 26 at 18-19). However, as explained in full in the United States' Reply in Support, this is a mischaracterization of Rule 702 that is not supported by the cases Robles cites. (ECF No. 27 at 12-14). The reliability inquiry is not limited to assessing whether an expert's opinions are based on the facts of the case – it "necessitates an examination of whether the reasoning or methodology underlying the expert's proffered opinion is reliable – that is, whether it is supported by adequate validation to render it trustworthy." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999). "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Fed. R. Evid. 702 Advisory Committee Note (2000). Having experience and offering opinions based on the facts of the case are not enough. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311,

1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough.").

The remainder of Part II of Robles' Objections repeats arguments from his prior brief that moving trash bags on a ship is out of the ordinary and "outside of the common knowledge of most triers of fact." (Robles Obj. at 19-23; ECF No. 26 at 2 & 19-22). The United States' responses to these arguments are fully detailed in its Reply in Support (ECF No. 27) and do not need to be rehashed here because the Magistrate Judge's Order states that the Court does not reach the question of whether McKamie's testimony is within the ordinary experience and understanding of a layperson "in light of the other deficiencies of Captain McKamie's report." (ECF No. 33 at 3 n.1). If Robles argued that the Magistrate Judge *should* have reached the issue – presumably to give an advisory opinion – then Robles' cut-and-paste from his prior brief might be relevant, but Robles has not made that argument. Put simply, very little of Robles' Objections has any bearing on a Rule 72(a) review of the Magistrate Judge's ruling.

As Part C of the Magistrate Judge's Order is neither "clearly erroneous" nor "contrary to law," it should not be modified or set aside pursuant to Rule 72(a).

## IV. Conclusion

WHEREFORE, for the reasons set forth above, and for the reasons set forth in its Motion *in Limine* to Exclude the Expert Testimony of Reginald E. McKamie, Sr., its Memorandum in Support thereof, and its Reply in Support thereof, the United States respectfully requests that the Court overrule Robles' Objections, confirm the Magistrate Judge's ruling, and grant the United States such further relief that the Court finds equitable and just.

Dated: September 10, 2020          Respectfully submitted,

**UNITED STATES OF AMERICA**

G. ZACHARY TERWILLIGER
United States Attorney

JOEL E. WILSON (VSB No. 71701)
Assistant U.S. Attorney

MICHELLE DELEMARRE
Senior Admiralty Counsel
U.S. Department of Justice
Civil Division, Torts Branch
Aviation & Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271
Tel: (202) 616-4037
Fax: (202) 616-4159
Email: Michelle.delemarre@usdoj.gov
*Attorneys for the United States*


By: /s/ Ryan T. Gibson
John E. Holloway, Esq. (VSB No. 28145)
Daniel T. Berger, Esq. (VSB No. 81861)
Ryan T. Gibson, Esq. (VSB No. 83183)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: 757-687-7724
Facsimile: 757-687-7510
Email: john.holloway@troutman.com
Email: daniel.berger@troutman.com
Email: ryan.gibson@troutman.com
*Of Counsel to the United States*